PROB 12C
(06/17)

August 13, 2020
pacts id: 3075003

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Leonardo Orozco (English)   **Dkt No.:** 16CR03056-001-CAB

**Reg. No.:** 59892-298

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm, a Class C felony.

**Date of Revocation Sentence:** March 27, 2020

**Sentence:** Time served (17 days' custody); 24 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** March 27, 2020

**Asst. U.S. Atty.:** Brandon J. Kimura   **Defense Counsel:** Michelle C. Angeles (Appointed) (619) 234-8467

**Prior Violation History:** Yes. Please refer to prior court correspondence.

---

PETITIONING THE COURT
**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. Mr. Orozco failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit urine samples for drug analysis at GEO Reentry Services, as required on the following dates: July 1, 15 and 23; and August 4 and 10, 2020. |

*Grounds for Revocation:* This officer received and reviewed the Chain of Custody for Drug Analysis forms which confirm that on the above noted dates, Mr. Orozco failed to submit urine specimens, as instructed. On May 22, 2020, the probation officer reviewed written instructions for drug testing with Mr. Orozco, and he acknowledged receipt of the instructions with his signature. Specifically, he was instructed to call the drug testing

PROB12(C)

| | |
|---|---|
| Name of Offender: Leonardo Orozco | August 13, 2020 |
| Docket No.: 16CR03056-001-CAB | Page 2 |

line after 8:15 p.m. the day before each possible drug testing day, Monday through Friday, to hear if he was to report for drug testing. When instructed to submit a urine sample in the recording, Mr. Orozco was to report to GEO reentry services.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On March 27, 2020, Mr. Orozco was released from federal custody. Mr. Orozco immediately began looking for a residential drug treatment program as ordered by Your Honor. Unfortunately, due to the COVID-19 situation, there were no programs accepting new clients due to the risk of infection. In the meantime, Mr. Orozco began to work, and his family reported he was doing well for the first two or three months on supervision. Unfortunately, Mr. Orozco lost his job due to the pandemic and it appears he once again relapsed into his drug addiction. He began to miss his scheduled urine tests and has failed to contact the undersigned officer despite several voice messages left on his cellular number directing him to contact the probation officer for further supervision instructions.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Orozco is a 30-year-old Hispanic male. He has four children from three different relationships. Currently, he is in a common-law relationship that is being severely affected due to his drug addiction. Mr. Orozco has been working as a field laborer until jobs became scarce in the Imperial Valley due to the current Covid-19 situation.

Mr. Orozco has a long history of substance abuse that includes heroin, methamphetamine, and cocaine. Last, he has several arrests and convictions for the following crimes: forgery, vehicle burglary, receiving stolen property, evading a police officer, grand theft, burglary bringing in or harboring illegal aliens, and several unlicensed driver offenses.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegation (failure to test), constitutes a Grade C violation. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 7 to 13 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community

confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>35 months and 13 days'</u> supervised release, less any term of imprisonment imposed upon revocation. The court has previously imposed an aggregate of 17 days' custody in this case. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Mr. Orozco has once again relapsed into his drug addiction. As Your Honor may recall, Mr. Orozco has violent tendencies once his drug addiction is out of his control. Therefore, in order to protect himself and the community, the probation officer believes the issuance of an arrest warrant is justified at this time.

### RECOMMENDATION/JUSTIFICATION

Once again, based on his past behavior, it is evident Mr. Orozco's addiction has taken a hold of him and has now made himself unavailable for supervision. Mr. Orozco has failed to contact the probation officer for supervision instructions and for assistance in addressing his drug addiction. It is evident that his life is spiraling out of his control.

With the aforementioned in mind, the probation officer respectfully recommends Mr. Orozco's supervised release term be revoked and he be sentenced to 10 months' custody. A term of supervised release to follow is not recommended as Mr. Orozco is fully aware of the programs available in the Imperial and San Diego Counties that can assist him in addressing his drug addiction, should he decide to change his life.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: August 13, 2020**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

Reviewed and approved:

by _____
Obed Flores
U.S. Probation Officer
(760) 339-4217

_____
Pascual Linarez
Supervisory U.S. Probation Officer

PROB12CW                                                                                                  August 13, 2020

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Orozco, Leonardo

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 16CR03056-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| **Violation(s)** | **Grade** |
|---|---|
| Failure to test | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                               [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                       [   V   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                              [  7 to 13 months  ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

|   |   |   |   |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine ($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

| | |
|---|---|
| Name of Offender: Leonardo Orozco | August 13, 2020 |
| Docket No.: 16CR03056-001-CAB | Page 5 |

**THE COURT ORDERS:**

__X__    AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____    DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____    Other _____

[signature]                                        8/17/2020

The Honorable Cathy Ann Bencivengo            Date
U.S. District Judge